BULLOCK *v.* MAGONE, Collector of Customs.

(*Circuit Court, S. D. New York.* May 20, 1889.)

1. CUSTOMS DUTIES—ACTION TO RECOVER.
   The expense of changing goods from one condition to another is a part of their dutiable value, and is not one of the charges made non-dutiable by section 7 of the tariff act of March 3, 1883.

2. SAME—CONSTRUCTION OF STATUTE.
   Where an importer has caused rice purchased abroad by him to be ground before shipment into granules of sufficient fineness to entitle it, under the rulings of the treasury department, to be entered at a lower rate of duty than unground rice, the cost of granulation forms part of the dutiable value of the article, and cannot be deducted therefrom by the importer as a non-dutiable charge.

At Law.

This was an action against the collector of the port of New York to recover duties alleged to have been improperly exacted on certain granulated rice. It appeared from the testimony that the secretary of the

treasury had decided that when cleaned rice was ground to a certain degree of fineness it should be entitled to entry at a duty of 20 per cent., as rice-meal, but that, if the grains were larger than the prescribed standard, the article should be dutiable as cleaned rice, at 2 cents per pound. The plaintiff had imported rice from Copenhagen, and, solely for the purpose of getting advantage of the lower rate of duty, had caused the rice to be ground before shipment to the degree of fineness of the standard fixed by the secretary. The collector had exacted duty upon the value of the article in the condition in which it was imported, including therein the cost of granulation. The importer protested against the exaction, and claimed that the cost of granulation should be deducted from the value, inasmuch as the granulation had been done solely in deference to the rulings of the treasury department, and its cost was a non-dutiable charge, under section 7 of the tariff act of March 3, 1883. At the close of plaintiff's case defendant's counsel moved that a verdict be directed in his favor.

*Joshua M. Fiero* and *Green B. Raum*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally*.) The difficulty with this case is that the expense which has been incurred is not an expense that had anything to do with the shipment or transportation of the article to the United States. It is an expense which the importer for his own pleasure has put upon the article that he bought, and it enters into the value of the article when it leaves the other side. Congress in the act of 1883 has provided that those expenses which, before shipment, were incurred in order to get the article on shipboard in such proper condition for transportation as to conform to the customs of trade in that regard should be excluded from the valuation. The expenses of packing, boxes, cartons, etc., all of which were essential elements in the process of shipment and transportation, are thus excluded under the act of 1883, but this case presents no element of that kind at all. If, for any reason of his own, the importer decided to color these grains some particular color, that would have nothing to do with their transportation, nor has his making them larger or smaller, so long as such charge does not operate to facilitate such transport. I do not see that the charge falls within the kind of charges that are covered by the amendment of 1883, but that it is fairly to be considered as entering into the value of the article. I shall therefore direct a verdict for the defendant.