## STEPHENSON *v.* COOPER, Collector.[1]

*(Circuit Court, E. D. Pennsylvania. October 7, 1890.)*

CUSTOMS DUTIES—SKEINING WORSTED—APPRAISAL.

Under section 7 of Act March 3, 1883, referring to section 2907, Rev. St., if skeining worsted or mohair yarns is necessary to render them merchantable yarns, the cost of skeining is a part of the value of the goods, and subject to duty. If skeining is necessary only for convenience in transportation from the producer to the consumer, it is a charge for putting up, preparing, and packing for shipment, and the extra cost of skeining is not to be added to the other costs in computing the duty.

At Law.

Plaintiff sought to recover the duty upon the cost of winding worsted and mohair yarns into skeins. Rev. St. § 2907, provides that "in determining the dutiable value of merchandise there shall be added to the cost or to the actual wholesale price or general market value at the time of exportation in the principal markets of the country whence the same is imported into the United States, * * * all other actual or usual charges for putting up, preparing, and packing for shipment." In section 7 (Act March 3, 1883) it was expressly stated that the above-mentioned charges should no longer be added in determining the value. In plaintiff's invoice the cost of skeining, together with the cost of hanking, bundling, packing, paper, and string, were deducted. These latter were allowed, but the cost of skeining was restored by the appraiser, on the ground that skeining was part of the finishing process, and necessary to put the yarn on the market. Upon trial the testimony of plaintiff's witnesses was to the effect that the skeining process, like the hanking and bundling processes, was merely for the purposes of transportation from the manufacturer to the consumer, and was part of the actual and usual charges for "putting up, preparing, and packing for shipment" of the article mentioned in the provisions of Rev. St. § 2907. The testimony of witnesses on behalf of the government was to the effect that yarn was not in a merchantable condition when it was upon the bobbin or cops, but only after it had been skeined, hanked, and bundled. Verdict for plaintiff.

*Frank P. Prichard*, for plaintiff.

*William Wilkins Carr*, Asst. U. S. Atty, and *John R. Read*, U. S. Atty., for defendant.

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

BUTLER, J., (*charging jury orally.*) At the time this merchandise was imported into the country by the plaintiff the statute in force, imposing duties upon imported goods, confined them to the value of the goods, excluding from the taxation or duty any cost of preparing them for transportation, either across the country abroad, or across the ocean to this country. I repeat, it excluded from taxation or duty any cost incurred for putting up, preparing, and boxing the goods for carriage either abroad or across the ocean. The value of the goods, which were subject to the import duty, was the value of the goods in the market as a merchantable article of commerce. Whatever was necessary to render the goods merchantable, in other words, adaptable to the uses for which they were designed, was a part of the value of the goods, and was subject to taxation. When these goods reached the custom-house, the importer claimed that the cost of skeining (taking the yarn from the bobbins and constructing skeins) was a part of the cost of putting up and preparing the goods for transportation, and that therefore this cost should be deducted from the price or value of the goods and be excluded in ascertaining the duty. The government answered that the cost of putting the goods in this shape is a part of the cost of rendering them merchantable, of preparing them for the uses of manufacture, and that it was, therefore, properly a part of the price or value of the goods, and consequently assessed a duty upon the price of the goods in this condition. The plaintiff paid the duty and brought this suit to recover it back. The question for your consideration is whether or not the skeining of the yarn was necessary only for convenience of transportation. If it was necessary alone for this purpose, then it is not to be reckoned a part of the price or value of the yarn itself, but as the cost of putting it up for purposes of transportation; and in that view, the government was wrong in subjecting it to duty. In such case the plaintiff is entitled to your verdict for the amount claimed. If, on the other hand, the skeining was necessary to render the yarn a merchantable article, in other words, if it was necessary to render the yarn suitable for the purpose of manufacture, for which it was intended, then it is a part of the value or cost of the yarn, and is subject to duty. In that view, your verdict would be for the defendant, the government. It is clear that wool may be twisted into thread, and not be merchantable yarn. If the spinner, instead of winding it upon bobbins, should allow it to fall into confusion upon the floor, it would be yarn, but it would not be merchantable yarn —yarn in a merchantable sense; it would not be suitable for use in manufacture; it would be tangled and snarled, and virtually valueless. You can take a thread and say, "this is yarn," and it is true in one sense, but it is not yarn in a mercantile sense. The thread thus in confusion and tangle upon the floor, would at least have to be turned into a bobbin before it would be fitted for use. The question is whether it is necessary to go further to render it adaptable to the uses for which it is intended, by turning it into skeins. That is the only question before you. You have heard the testimony and the comments of counsel upon it. If you believe from this testimony that it is necessary to render yarn a

merchantable article, adapted to the uses for which it is designed, the uses of manufacture, that it shall not only be made into bobbins but shall also be turned into skeins, the defendant is entitled to your verdict. If, on the other hand, the yarn is a completed article, fitted to the purposes for which it is designed, in the bobbin, and that the skeining is only necessary for convenience in transportation, then your verdict should be for the plaintiff, for the amount of his claim.

A new trial was granted, as the verdict was against the evidence.