ROHNER GEHRIG & CO., INC. v. UNITED STATES

No. 4629.—Invoice dated Baden, Switzerland, August 26, 1936.
Entered at New York September 9, 1936.
Entry No. 730556.

(Decided August 11, 1939)

Brooks & Brooks (Frederick W. Brooks, Jr., of counsel) for the plaintiff.
Webster J. Oliver, Assistant Attorney General (Dorothy C. Bennett, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of merchandise invoiced as 1 supercharging blower type VT 201a with normal accessories exported from Switzerland on August 26, 1936, and entered at the port of New York on September 9 of the same year. The merchandise was invoiced and entered at 4,750 Swiss francs, plus packing. The appraiser added 1,525 Swiss francs to make an export value of 6,330 Swiss francs, packing included. The value of 1,525 Swiss francs added by the appraiser consisted of the amount of a fee agreed to be paid by the plaintiff to Dr. Alfred J. Buchi, a consulting mechanical engineer of Winterthur, Switzerland, for his services in advising the plaintiff in regard to the purchase of said merchandise.

At the hearing held before me in New York on April 19, 1939, it developed that the only issue herein is whether the item of 1,525 Swiss francs should have been added by the appraiser as a dutiable item; and it was agreed in open court by and between counsel for the respective parties that if the court held that the item of 1,525 Swiss francs was properly included in the market value, then the appraised value should be affirmed, but that if, on the contrary, the said item should not be so included, then the entered value should be sustained.

The evidence is entirely documentary. The plaintiff offered the affidavit of Adolf Meyer, the managing director of Brown, Boveri & Co., Ltd., of Baden, Switzerland, manufacturer and exporter of the merchandise herein, which affidavit was marked in evidence as Exhibit 1. From this affidavit it appears that the merchandise herein was sold to the plaintiff for 4,750 Swiss francs, f. o. b. factory, at which price the

affiant's company freely offered the same merchandise to all purchasers for exportation to the United States in the usual wholesale quantity and in the ordinary course of trade; that the particular type of supercharging blower constituting the imported merchandise at bar was originally conceived and designed by the affiant's company, and has since been developed and perfected without any outside help; that Dr. Alfred J. Buchi, of Winterthur, Switzerland, has had no part whatever in the perfection of such design; that these supercharging blowers are standardized as far as possible and are built in eleven sizes for application to Diesel engines ranging from 80 to 6,000 horsepower; that the said blowers are freely offered in the open market to any buyer of Diesel engines; that such offers or sales do not carry with them any obligation to engage the services of said Dr. Alfred J. Buchi, although the affiant's company believes in the advantages to be gained from the use of Dr. Buchi's services and often recommends him to its customers; that for the sake of convenience the affiant's company, having agents in the United States and other countries, has undertaken the collection of fees charged by Dr. Buchi to some of its customers who have engaged his services, and has immediately transferred said fees to Dr. Buchi; that, in the case of the merchandise herein, the plaintiff agreed to pay Dr. Buchi 1,525 Swiss francs, which was collected by the affiant's company and paid over to Dr. Buchi; that Dr. Buchi has developed a system of further improving the results of supercharging by making certain changes and adjustments in the Diesel engine itself, without any change in the supercharging blower; that during the years 1935 to 1938, inclusive, the affiant's company sold similar supercharging blowers to various customers in the United States in which no payments were made to the affiant's company for services of Dr. Buchi, and that one such sale of type VT 201 supercharging blower was made on October 30, 1936, to the Cooper-Bessemer Corp., engine builders of Grove City, Pa.

The plaintiff also offered in evidence the affidavit of Dr. Buchi, of Winterthur, Switzerland, which was marked Exhibit 2. From this affidavit it would appear that the affiant is a well-qualified consulting engineer; that as the result of long research in the operation of Diesel engines he developed a system, protected by patents in most civilized countries, to improve the results of supercharging by making changes and adjustments in the Diesel engine itself; that as a result of these improvements the output of a supercharging Diesel engine can be increased from 40 to 45 per centum; that these improvements comprise definite changes in the cams of the Diesel engines, the dimensions and arrangement of the intake and exhaust piping, sometimes changes in the valves, and always a rearrangement of the timing of the valves; that these necessary modifications are determined by the affiant after

a close study of the design of the engine; that on the basis of the study the affiant furnishes to any Diesel engine builder who desires his services general engineering advice for making such modifications in his Diesel engine as he considers necessary to obtain the best results; that as compensation for his services he charges a fee which varies with the increase in output guaranteed and obtained; that it is his practice to recommend to his clients that they obtain the supercharging blowers from Brown, Boveri & Co., Ltd., of Baden, Switzerland, because he believes that that concern's particular design of supercharging blowers obtains the best results; that in the majority of cases the Diesel engine builders find it to their advantage to engage his services and to buy the supercharging blowers from Brown, Boveri & Co., Ltd.; that inasmuch as the affiant has only one office, namely, in Winterthur, Switzerland, Brown, Boveri & Co., Ltd., through their branch offices or representatives in foreign countries, frequently make collections of fees for the affiant as an accommodation and pay over said fees as soon as they are collected; that in the instant case the affiant's fee of 1,525 Swiss francs for engineering services rendered to the plaintiff for services during 1936 was collected by Brown, Boveri & Co., Ltd., and paid over to affiant; that he had visited the United States several times during the last few years for the purpose of inspecting and superintending the application of his system of supercharging to the Diesel engines built by his clients; that much of the affiant's work is done in advance of his visits to the plants of Diesel engine builders from blue prints and other memoranda which the Diesel engine builders send to him for his information in preparing his advice as to the changes and adjustments that should be made in their Diesel engines in order to obtain the best results of supercharging those engines, and that he has never had anything to do with the designing or the perfection of the design of the supercharging units manufactured by Brown, Boveri & Co., Ltd.

The Government offered in evidence the affidavit of Paul R. Sidler, resident engineer in the United States of Brown, Boveri & Co., Ltd., of Baden, Switzerland, manufacturers of the merchandise herein, which affidavit was marked Exhibit 3.

I have carefully read Exhibit 3, and find that it corroborates the evidence set forth in plaintiff's Exhibits 1 and 2.

The Government also offered in evidence as Exhibit 4 a carbon copy of a statement of charges furnished by the foreign exporter to the importer herein, which reads as follows:

THE McINTOSH & SEYMOUR CORPORATION,
AUBURN, N. Y. (U. S. A.), *26th August 1936.*

BROWN, BOVERI & COMPANY, LIMITED,
*Baden, (Switzerland).*

Re: Your Order No. 11447/24694 of 11/5/36.   Stanolind Pipe Line.

Our Order No. 92986.

1936

| | | |
|---|---|---|
| August 26th our invoice No. 3293 | | S. Frs. 6, 230. 00 |
| August 26th our invoice No. 3294 | | S. Frs. 1, 525. 00 |
| | | S. Frs. 7, 755. 00 |
| Less: | | |
| May 26th your remittance | S. Frs. 3, 900. 00 | |
| July 23rd your invoice $0.130—at 3.07/$ | 399. 10 | |
| | | 4, 299. 10 |
| | | S. Frs. 3, 455. 90 |

Upon this record counsel for the Government, in his brief filed herein, contends that the services represented by the fee of 1,525 Swiss francs paid to Dr. Buchi by the importer herein, increased the value of the imported merchandise at bar and should therefore be included in the export value thereof, as found by the appraiser, and cites in support of such contention the cases of *Bullock* v. *Magone*, 39 Fed. 191; *Stephenson* v. *Cooper*, 44 Fed. 53; and *General Dyestuff Corp.* v. *United States*, 19 C. C. P. A. 309, T. D. 45480.

I have carefully examined all of these cases, and others cited in said brief, but believe that they have no application to the facts disclosed by the record herein.

In my opinion the fee paid by the plaintiff to Dr. Buchi, consulting mechanical engineer, collected by the exporter of the merchandise at bar, has no connection with the manufacture or export sale of the merchandise herein and therefore was no part of the dutiable value of said merchandise.   Hence, in accordance with the agreement of counsel, I find that the proper dutiable value of said merchandise is the invoiced and entered value thereof.

Judgment will be rendered accordingly.